NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-196

LINDA BOWNESS

vs.

PIERS BOWNESS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In this case, Piers Bowness (the husband) sought to modify the duration of alimony set in the divorce judgment into which a separation agreement between the husband and Linda Bowness (the wife) was merged. A judge of the Middlesex Probate and Family court denied the modification. We affirm.

The parties were divorced by judgment in 2009. The 2009 separation agreement, which was merged into the divorce judgment, provides that "alimony shall terminate upon the first to occur: (1) the Wife's remarriage; (2) the Wife's or the Husband's death; (3) the Husband's retirement at 65 years of age."

The Alimony Reform Act (act) was passed in 2011 and came into effect with respect to marriages such as this on September 1, 2015, the day on which the husband was permitted to seek modification of the duration of his preexisting alimony obligation. See G. L. c. 208, § 49, inserted by St. 2011, c. 124, § 3. See also St. 2011, c. 124, §§ 4, 5 (4) (uncodified sections). In 2017, the parties agreed to some changes to the separation agreement in a stipulation for judgment (stipulation), including an increase in the amount of alimony. The stipulation, which was incorporated into a modification judgment, also provides that "[i]n all other respects the prior orders of the court shall govern," and did not otherwise modify the duration of the alimony.

We need not go into the procedural details that preceded it, but the current complaint for modification was filed by the husband on October 10, 2023. He argued that there had been a material change in circumstances, and that he was entitled to the benefit of the act's alimony provisions. He asserted that, under G. L. c. 208, § 49, his alimony would have terminated after 168 months in October 2023, rather than after the roughly 227 months that would elapse upon his retirement at age sixty-five. He claimed the running of the statutory durational limit constituted a material change in circumstances.

The trial judge denied the husband's complaint for modification and concluded that in the 2017 stipulation, "the parties bargained for alimony to be paid until [the husband] reached the age of 65 absent another material change in circumstances."

The husband renews his arguments on appeal. We review a judge's decision on a request to modify alimony for an abuse of discretion. See Pierce v. Pierce, 455 Mass. 286, 293 (2009).

To begin with, we see no change in circumstance. The act was adopted in 2011, and the provision at issue came into force with respect to the husband in 2015. At that moment, the husband could have brought this complaint for modification pursuant to St. 2011, c. 124, §§ 4 (b) and 5 (4) (uncodified sections). Because the act was applicable to the husband in 2015 and a subsequent modification judgment as to alimony entered in 2017, there was no material change in circumstance since that 2017 judgment. See Cournoyer v. Cournoyer, 40 Mass. App. Ct. 302, 305 (1996). The fact that the deadline under the act, if applicable, was upon the husband in 2023 is not a change in circumstance warranting modification.

In any event, we see no error in the judge's conclusion that the husband, in 2017, bargained away any right that he may have had to have his alimony recalculated under the act. After

3

the passage of the act in 2011 and its effective date, as relevant here, in 2015, the parties entered into an agreement relating to alimony, the stipulation.  It provides that, with the exception of the modified terms, the terms of the previous orders apply in all other respects.  This includes the duration of alimony provision from the 2009 separation agreement, which merged into the judgment of divorce nisi, under which one of the triggers for the termination of alimony is the husband's retirement at age sixty-five.

Consequently, we find no abuse of discretion or other error of law in the judge's decision.

The wife's request for attorney's fees is denied.

<u>Amended judgment of modification affirmed</u>.

By the Court (Rubin, Brennan & Wood, JJ.[1]),

Clerk

Entered:  June 10, 2026.

---

[1] The panelists are listed in order of seniority.